## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| JEROME ELLIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CASE NO. 7:14-CV-79-HL-TQL |
| : | 42 U.S.C. § 1983 |
| WARDEN MARTY ALLEN, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER

Plaintiff Jerome Ellis has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Valdosta State Prison. Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to file a recast complaint, which he did. (Docs. 5, 7.) Plaintiff's recast complaint is now ready for preliminary review pursuant to 28 U.S.C. § 1915A(a).

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT OF CLAIMS

In his recast complaint, Plaintiff sues Valdosta State Prison Warden Marty Allen, as well as employees Doctor Moody, Nurse Wood, Librarian T. Williams, Lieutenant Smith, and Medical Administrator V. Barron. (Recast Compl. p. 3; Doc. 7.) Plaintiff's recast complaint alleges that on November 13, 2013, he was "locked up from law library to Tier 1 E-Building." (*Id.* at 5.) Plaintiff states that when an unknown officer brought him his property, Plaintiff noticed that his "radio was not present but listed on Inventory sheet." Plaintiff contends his radio was removed and Warden Allen refused to order state officials to replace his radio. After he was ordered to a "Higher Tier II Lockdown," Plaintiff states that Lt. Smith told the office that Plaintiff could not have his legal or personal property. Plaintiff requested that Warden Allen instruct Lt. Smith to give him his legal material. Plaintiff, without further explanation, then states that Lt. Smith "say o.k. give me your tennis shoes[.] I say they medical profiled[.] [H]e say give them here now."

Plaintiff next contends he was denied law books by the law librarian Ms. T. Williams. (*Id.*)

In the next paragraph, written in an out-of-time sequence, Plaintiff states that on December 16, 2013, Nurse Wood told him that his noon dose of "Neurotin" (sic) had been stopped. Plaintiff also states that on October 25, 2013, Nurse Wood, without elaborating on her reasons for doing so, stated that "she will put in my File I refuse my medication and have it stopped." Plaintiff states that Medical Administrator Ms. V. Barron allowed this to happen even after she had knowledge of the grievances Plaintiff had previously filed. Plaintiff then alleges that Dr. Moody authorized that some of his medications be stopped. Plaintiff states that Dr.

3

Moody refused to correct an order "charging"[1] Plaintiff and refused to reorder pain medications. Plaintiff then appears to allege that Dr. Moody increased one of his medications to "Add 300 MG to morning And 300 to evening to make 900 MG morning and evening." When Plaintiff told Dr. Moody that the medication amount was too strong, Dr. Moody told Plaintiff that he could "take it or refuse it instead (sic) of put order as was or as needed." Plaintiff also argues that his prescriptions for "Zantac" and "Neurotin (sic)" were stopped but that Colace "show[ed] back up after several days but not pain med 'Neurotin' (sic)." On March 21, 2014, Plaintiff states that he was "told the order [presumably for the Neurontin] was still good" but the nurses told him "it was not on the card."

Plaintiff next states that Lt. Smith supervised his move to "tier II" and told Officer Carnielia, who is not named as a Defendant in this case, that Plaintiff could not have his legal property. On December 4, 1213, "she", whom this Court assumes to be Officer Carnelia, removed a legal letter he was mailing to the Superior Court and removed his blanket while he was in the shower.

Plaintiff seeks compensatory damages from, and demotions for, each of the Defendants.

## III. ANALYSIS

### A. Supervisory Liability

It is apparent from Plaintiff's allegations that Defendant Warden Marty Allen is named solely because of his supervisory position. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir.

---

[1] It is assumed that "charging" refers to the act of charging Plaintiff's trust account for the cost of his medications.

2008) (citation omitted) (emphasis added).  Defendant Allen cannot be liable solely by virtue of his supervisory position.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).  To state a claim against a supervisory official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." C*ottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003).  Plaintiff's attempt to connect Defendant Allen to the failure to return his personal property must fail.  His comment that "Warden Allen refuse to order state officials to replace my radio" and his statement that he requested that Warden Allen instruct Lt. Smith to give him his legal material fail to establish that Defendant Allen personally participated in the acts in question.  As such, all claims against Defendant Allen are **DISMISSED.**

      **B.**      **Deprivation of Personal Property**

As to his allegations regarding the deprivation of his personal property, Plaintiff's claims must fail.  The Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Georgia provides at least two potential post-deprivation remedies. See O.C.G.A. §§ 51-10-1 through 51-10-6 (providing cause of action for injuries to property); and O.C.G.A. §§ 28-5-80 through 28-5-86 (providing for a claim against the state or any of its agencies).

In this case, Plaintiff contends his radio was taken from him.  Out of an abundance of caution, the Court will also construe Plaintiff's claim that Officer Carnielia removed a letter and a towel from his cell as a deprivation of personal property claim.  As noted above, because

5

Georgia provides Plaintiff with a meaningful post-deprivation remedy, the failure to return Plaintiff's property in this case does not state a claim for relief under § 1983. As such, this claim, as well as Defendants Lt. Smith and Officer Carnielia, who are linked solely to the deprivation of property claims, must be **DISMISSED** from this action.

### C. Denial of Law Books

Plaintiff claims the prison librarian, Ms. T. Williams, repeatedly denied him access to the Federal Rules of Civil Procedure "law book," and further denied him access to "any other law book" without further explanation. Although it may be contrary to Plaintiff's understanding of constitutional law, prisoners have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state a First Amendment claim, a prisoner alleging a lack of access to legal materials must show that he has suffered an "actual injury." *Id.* In other words, a prisoner would have to demonstrate that the lack of access to the legal materials actually hindered his efforts to pursue a specific legal claim that challenged either his conviction (directly or collaterally) or conditions of confinement. *Id.* at 354-55. Plaintiff has not alleged any such injury in his recast complaint. Plaintiff's claims against Defendant Williams must therefore be **DISMISSED**.

### D. Claims against Medical Personnel

The remaining Defendants in this case are Dr. Moody, Nurse Wood, and Medical Administrator V. Barron. Plaintiff's claims against these Defendants concern the denial of some medications that Plaintiff received and the alteration of the amount of other medications.

The Eleventh Circuit has held that "[w]hen the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is

6

"minimally adequate." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to the level of a constitutional violation. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris,* 941 F.2d at 1505. Furthermore, deliberate indifference is not established where an inmate received care but is unhappy with the treatment provided. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985).

In this case, it is apparent that Plaintiff's allegations do not state a colorable claim for deliberate indifference to a serious medical need. A review of Plaintiff's recast complaint fails to reveal either any harm caused by the medications provided to him, or any harm caused by the stoppage of, or change in, the medications he was provided. As such, Plaintiff's claims regarding his medical treatment must be **DISMISSED**. For the same reason, to the extent that Plaintiff alleges any claims of due process violations or cruel and unusual punishment relating to his medical care and treatment, those claims must also be **DISMISSED**.

## CONCLUSION

Having conducted a preliminary review of Plaintiff's complaint as required by 29 U.S.C. § 1915, the Court finds that Plaintiff's complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal

7

court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 25th day of July, 2014.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lws