IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JEROME ELLIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CASE NO. 7:14-CV-79-HL-TQL |
| | : 42 U.S.C. § 1983 |
| WARDEN MARTY ALLEN, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

Plaintiff Jerome Ellis filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Valdosta State Prison.[1] Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to file a recast complaint, which he did. (ECF Nos. 5, 7.)  On July 25, 2014, this Court dismissed Plaintiff's action on preliminary review pursuant to 28 U.S.C. § 1915A(b), and judgment was entered on the same day.  Thereafter, Plaintiff began filing various pleadings to include: five separate Affidavits (ECF Nos. 13, 14, 21, 23, 26); an Application for Relief (ECF No. 15); a Notice of Objections (ECF No. 18); a Notice of Filing Pleading (ECF No. 19); a "Deposition" (ECF No. 20); a Memo seeking the Docket Report (ECF No. 22); an Objection (ECF No. 24); and another Affidavit and Proposed Order (ECF No. 27.)  Plaintiff also filed a Motion for Summary Judgment (ECF No. 25) and a "Motion Scheduling Case for Trial" (ECF No. 31).

The Court construes the post-judgment pleadings filed by Plaintiff to be a motion for relief from judgment pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE.  Rule 60(b) provides that a judgment may be set aside for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

---

[1] Plaintiff was transferred to Augusta State Medical Prison on August 14, 2014, but was transferred back to Valdosta State Prison on August 18, 2014.  (ECF Nos. 16, 17).

discovered evidence…; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged…; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).  In his post-judgment filings, Plaintiff has failed to state any valid basis for setting aside this Court's judgment and merely reasserts the arguments made in his recast complaint.  Based on that complaint, the Court determined that Plaintiff had failed to state a valid § 1983 claim upon which relief could be granted.  Having reviewed its findings in this case, along with Plaintiff's post-judgment pleadings, the Court finds no reason to alter its decision.  Thus, Plaintiff's motion for Rule 60(b) relief in this case is hereby **DENIED.**

    **SO ORDERED** this 27th day of October, 2014.

                                  *s/ Hugh Lawson*
                                  HUGH LAWSON, SENIOR JUDGE

lws